By the Court,
Hitchcock, Judge.
In submitting this case to the ■ court, the parties seem to have waved all informal ties, otherwise it might be difficult for the plaintiff to proceed at all with his case, inasmuch *as no service has hitherto been made upon three of the defendants. The sc ire facias itself is defective. It recites that a judgment was lately recovered in the Supreme Court of Clark County, without any reference, however, to the date of the recovery, and we are left in uncertainty, so far as the scire facias is concerned, whether the judgment had been rendered one year or twenty years before its date. It ought, at least, to have been shown that the judgment sought to be revived had become dormant, either from lapse of time or from some other cause. These matters, however, are waived, and the question presented to the court is, whether the facts set forth in the notice constitute a defence to the action, these facts having been fully proved.
In point of fact,'the judgment was recovered in 1820, Hough the lessor of the plaintiff having died in 1819, during the pendency of the suit. By the act of February 18, 1820, “ appointing Allison C. Looker, agent for the heirs of Benjamin Hough, deceased,” the said Looker is authorized and empowered to manage the real estate left by Hough, as fully as Hough might have done while living. Previous to the enactment of this law, Looker had been, by the Court of Common Pleas of Ross County, appointed administrator of Hough’s ■estate. In the fourth section of the before recited act, it is prescribed “ that all acts, deeds, conveyances, and transactions done, and executed, and signed by the said Allison 0. Looker, as agent for the heirs ■of Benjamin Hough, deceased, shall be good and valid in law to all intents and purposes.” Under the authority conferred by this special law, Looker entered into the contracts referred to in the notice. At the time the contracts were made, the purchasers were in possession ■of the premises, and were the defendants against whom the judgment in ejectment had been rendered. If the authority of Looker was ■valid, and this is not questioned by the plaintiff’s counsel, then these *45 contracts must bave tbe same effect they would have bad, bad Hough; himself been living, and bad be made them.
What effect then would a contract far tbe sale of lands by a lessor of a plaintiff in ejectment to tbe defendant bave upon a judgment previously rendered for tbe recovery of tbe same lands ?
The object of an action of ejectment, is to ascertain tbe legal right to the possession of tbe land in controversy, and the fruit of the-judgment, if in favor of tbe plaintiff, is tbe recovery of tbe possession. After a recovery, if tbe defendant abandon tbe possession, which is taken by tbe lessor of the plaintiff, or if tbe defendant surrenders tbe possession to tbe plaintiff, no writ of haberi facias is • necessary. Tbe plaintiff enjoys tbe fruit of bis judgment, as completely as be *would bave done, bad tbe judgment been for money, and tbe money actually paid without execution. In either case tbe judgment is satisfied except as to costs. And under such circumstances, should tbe defendant again enter upon tbe land after a lapse-of years, and dispossess tbe plaintiff, I apprehend tbe owner must again resort to bis action of ejectment, and could not dispossess the-tenant by reviving bis former judgment.
Should tbe lessor of a plaintiff, after judgment, lease tbe land in-controversy to tbe defendant, and should tbe tenant fail in tbe payment of rent, tbe landlord could not, for the purpose of enforcing payment, resort to bis writ of possession under bis judgment. When the tenant takes the lease be admits'tbe right of tbe landlord, and fortbe recovery of rent tbe landlord must look to tbe covenants of tbe lease. From tbe time of tbe execution of tbe lease, tbe relative situaation of tbe parties is changed. The possession of the tenant is not. adverse to, but in accordance with, tbe rights of tbe landlord. His possession for many purposes will be considered as tbe possession of ‘ the landlord. And tbe latter has, in fact, derived all tbe advantage-from his judgment, which that judgment was intended to secure.
So, should the lessor of a plaintiff, after judgment, convey the-premises in controversy to tbe defendant, and afterwards take a writ of possession against tbe tenant, be would be restrained. And certainly in such case, after tbe judgment bad become dormant, it could not be revived.
Tbe principles seem to be applicable to, and decisive of tbe case-before tbe court. After tbe rendition of tbe judgment, tbe land was sold by contract to tbe defendants. By entering into this contract, tbe relative situation of tbe parties was entirely changed. From that; *46 •time the defendants did not hold adversely to, but they claimed under the tit’e of the lessor of the plaintiff. He had secured all he desired by his action. His right was established, it was admitted, and the ■defendants contracted to purchase that right. They were in possession when the contract was made, and with the assent of the plaintiff. They were no longer trespassers, but their possession was legal, and for many purposes it was the possession of their vendor. In fact, they must be held to be precisely in the same situation with any other persons who should have purchased the same land by contract, and taken possession in pursuance of the purchase. And it would be strange, indeed, that a vendor having sold land by contract which had been by him recovered in ejectment, should be allowed to oust *the purchasers in virtue of a judgment which gave him the possession and enabled him to sell.
It is claimed, however, that inasmuch as payments were not made ■according to the stipulations of the contract, that therefore the same is void, and the plaintiff is restored to all his original rights. We think otherwise. By entering into the contracts, the right of the lessor of the plaintiff to take execution upon his judgment, was not •merely suspended, it was gone for ever. If payment was not made .according to contract, he. might have his action for the money, or he might have a new action of ejectment to recover the land, but he.
■ could not revive his former judgment, because that judgment had been virtually satisfied.
Such being the opinion of the court upon this part of the case, it is unnecessary to inquire as to the validity of the sales under the judg•ments in Ross county.
Judgment for the defendants.'